[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-10798
Non-Argument Calendar
_____

D.C. Docket No. 5:04-cr-00042-WTH-GRJ-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SAMUEL HILL,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(August 20, 2012)

Before TJOFLAT, MARCUS and KRAVITCH, Circuit Judges.

PER CURIAM:

Samuel Hill, a federal prisoner convicted of conspiracy to distribute and to

possess with intent to distribute 50 grams or more of crack cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A); and distribution of crack cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), appeals the district court's grant of his 2011 motion for a sentence reduction, pursuant to 18 U.S.C. § 3582(c)(2). When he was originally sentenced in 2005, Hill's guideline range was 292 to 365 months' imprisonment, based on an offense level of 38, but the district court varied downward and sentenced him to 2 concurrent terms of 240 months' imprisonment -- the statutory maximum sentence for the conspiracy offense.

In 2011, Hill moved the district court -- based on Amendment 750, which amended U.S.S.G. § 2D1.1 by revising the drug quantity table to reduce offense levels for various amounts of crack cocaine -- to re-sentence him based on a new offense level of 36, but he did not specifically urge the district court to sentence him below his amended guideline range. The district court granted Hill's § 3582(c)(2) motion, finding that he was entitled to a 2-level reduction under Amendment 750, which resulted in an amended guideline range of 235 to 293 months' imprisonment, and entered an order reducing Hill's sentence from 240 to 235 months.

On appeal, Hill argues that Amendment 759 -- which amended U.S.S.G. § 1B1.10(b)(2)(B) to provide that a district court may lower a defendant's sentence below the amended guidelines range only if the original sentence was below the

2

original guidelines range because the defendant provided substantial assistance to the government -- is invalid because: (1) Amendment 759 violates the Ex Post Facto Clause since the new version of § 1B1.10 "purports to eliminate" his "previously granted variance"; (2) the notice and comment procedure was defective under the Administrative Procedures Act; (3) Amendment 759 exceeds the Sentencing Commission's authority under 28 U.S.C. § 994(u), since § 994(u) does not allow the Commission to override other sentencing decisions made at the original sentencing; (4) allowing the Commission to override previously made, case-specific, sentencing decisions would violate the principle of Separation of Powers; and (5) the newly amended § 1B1.10 is ambiguous, so the rule of lenity militates in favor of allowing the district court to maintain all of its original sentencing decisions. After careful review, we affirm.

We normally review de novo a district court's determination of the scope of its authority to reduce a defendant's sentence under 18 U.S.C. § 3582(c)(2). United States v. James, 548 F.3d 983, 984 (11th Cir. 2008). However, when a defendant fails to raise an argument before the district court, we review only for plain error. United States v. Spoerke, 568 F.3d 1236, 1244 (11th Cir. 2009). "Plain error occurs where (1) there is an error; (2) that is plain or obvious; (3) affecting the defendant's substantial rights in that it was prejudicial and not harmless; and (4) that seriously

affects the fairness, integrity or public reputation of the judicial proceedings." Id. at 1244-45 (quotation omitted). In order for an error to be obvious for purposes of plain error review, "it must be plain under controlling precedent or in view of the unequivocally clear words of a statute or rule." United States v. Lett, 483 F.3d 782, 790 (11th Cir. 2007). Because Hill did not request in a timely motion before the district court a sentence reduction below his amended guideline range, and failed to raise in the district court any of the issues he now raises on appeal, we review his arguments on appeal only for plain error. Spoerke, 568 F.3d at 1244.

Although a district court generally cannot modify a term of imprisonment once it has been imposed, an exception lies in § 3582(c)(2), where:

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o) . . . the court may reduce the term of imprisonment, after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2); see also United States v. Phillips, 597 F.3d 1190, 1194-95, n.10 (11th Cir. 2010). A proceeding under § 3582(c)(2) and U.S.S.G. § 1B1.10 does not constitute a full resentencing, and the district court must maintain all original sentencing determinations with the sole exception of applying the relevant amended guideline range. United States v. Bravo, 203 F.3d 778, 780-81 (11th Cir. 2000).

A district court must engage in a two-part analysis when considering a § 3582 motion for a sentence reduction. Id. at 780. First, the court must recalculate the sentence using the amended guideline, while maintaining all other guideline application decisions, to determine the new applicable offense level and guideline range. Id. Second, the court must apply its discretion to determine whether it will impose the newly calculated sentence under the amended guideline or retain the original sentence, based on the factors in 18 U.S.C. § 3553(a). Id. at 781.

Amendment 750 to the Sentencing Guidelines revised the crack cocaine quantity tables listed in U.S.S.G. § 2D1.1(c), pursuant to the Fair Sentencing Act of 2010. See U.S.S.G. App. C, Amend. 750, Reason for Amend. and U.S.S.G. App. C, Amend. 759. As a result of these amendments, § 2D1.1(c) now assigns a base offense level of 36 in cases involving at least 2.8 kilograms but less than 8.4 kilograms of cocaine base. U.S.S.G. § 2D1.1(c) (2011). Previously, § 2D1.1(c) assigned a base offense level of 38 in cases involving at least 1.5 kilograms of cocaine base. See, e.g., U.S.S.G. § 2D1.1(c) (2000).

Amendment 759 also modified the limitations on the authority of a district court, considering a § 3582(c)(2) motion, sometimes to re-apply downward departures or variances previously allowed below the minimum guideline range. U.S.S.G. App. C, Amend. 759; U.S.S.G. § 1B1.10(b)(2) (2011). Under the revised § 1B1.10(b)(2),

5

the district court "shall not reduce the defendant's term of imprisonment . . . to a term that is less than the minimum of the amended guideline range."   U.S.S.G. § 1B1.10(b)(2)(A) (2011).  The only exception provided under the revised guideline is for cases where the term of imprisonment fell below the guideline range due to a government motion based on the defendant's substantial assistance to authorities. Id. § 1B1.10(b)(2)(B); United States v. Vautier, 144 F.3d 756, 758 (1998).

The district court is required to apply the version of § 1B1.10 that is in effect at the time that it rules on the § 3582 motion.  U.S.S.G. § 1B1.10 comment. (n.6) (2011).  Amendment 759 made changes to § 1B1.10, which became effective on November 1, 2011, and would apply to any § 3582(c)(2) motion decided on or after that date.  U.S.S.G. App. C, Amend. 759.

On the record here, Hill has failed to show that the district court committed any error, much less plain error, in failing sua sponte to reduce his sentence below the amended guideline range.  For starters, § 1B1.10(b)(2) provides that the district court "shall not reduce the defendant's term of imprisonment . . . to a term that is less than the minimum of the amended guideline range," and in Vautier, we held that, prior to the § 1B1.10 amendment, a decision whether to re-apply a downward departure under § 3582(c) was discretionary.  U.S.S.G. § 1B1.10(b)(2)(A) (2011); Vautier, 144 F.3d at 761 (holding, concerning the "comparable reduction" provision in the previous

6

version of § 1B.10, that "a district court, ruling on a defendant's § 3582(c)(2) motion, ha[d] the discretion to decide whether to re-apply a downward departure . . . when considering what sentence the court would have imposed under the amended guideline"). The only exception provided under the revised guideline is for cases where the term of imprisonment fell below the guideline range due to a government motion based on the defendant's substantial assistance to authorities. U.S.S.G. § 1B1.10(b)(2)(B). Here, the district court did not reduce Hill's sentence to a term that was "less than the minimum of the amended guideline range," and Hill did not receive a downward departure for substantial assistance such that he qualifies for the exception to the limitation on the extent of reduction as determined in § 1B1.10(b)(1). Id. § 1B1.10(b)(2)(A)-(B). Accordingly, Hill has failed to show that the district court committed any error in failing sua sponte to reduce his sentence below the amended guideline range.

Moreover, neither this Court nor the U.S. Supreme Court has addressed in a published opinion the application of the "comparable reduction" limitation in the recent revision of § 1B1.10, nor whether Amendment 759 is invalid for the various reasons Hill asserts for the first time on appeal. Therefore, he cannot meet his burden to show that any error by the district court in this regard -- even assuming that there was one -- was plain. Lett, 483 F.3d at 790.

7

Nor are we persuaded by his argument based on the rule of lenity, which requires ambiguous laws to be interpreted in favor of the defendants subjected to them. See United States v. Santos, 553 U.S. 507, 514 (2008). "The simple existence of some statutory ambiguity . . . is not sufficient to warrant application of that rule, for most statutes are ambiguous to some degree." See Muscarello v. United States, 524 U.S. 125, 138 (1998). In order for the rule of lenity to apply, there must be a "grievous ambiguity or uncertainty in the statute." Id. at 138-39 (quotations omitted). Because Hill has not shown that there is any "grievous ambiguity or uncertainty" in § 1B1.10, the rule of lenity does not apply.

Accordingly, we affirm the district court's grant of Hill's § 3582(c)(2) motion to reduce sentence.

**AFFIRMED.**